**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JUST EMERSON**                                                                                    **PLAINTIFF**

v.                          **CASE NO. 3:25-CV-00055-BSM**

**ARKANSAS STATE UNIVERSITY,** *et al.*                                         **DEFENDANTS**

**ORDER**

Defendants' motions to dismiss [Doc. Nos. 7 & 14] are granted in part and denied in part as follows:

| Claim | Granted | Denied |
|---|---|---|
| Malicious Prosecution | ASU, Watson, Jones-Branch, Thrasher, Martin | Tate, Wallace, Winn, Baker, Schroeder |
| Defamation | ASU, Watson, Jones-Branch, Thrasher, Martin | Tate, Wallace, Winn, Baker, Schroeder |
| Abuse of Process | All defendants | |
| Invasion of Privacy by Public Disclosure of Private Facts and Violation of Ark. Code Ann. § 25-19-105 | All defendants | |
| False Light Invasion of Privacy | ASU, Watson, Jones-Branch, Thrasher, Martin | Tate, Wallace, Winn, Baker, Schroeder |
| Outrage | All defendants | |
| Denial of Equal Protection | All defendants | |
| Constructive Discharge | All defendants | |

The clerk is directed to terminate Arkansas State University, Katrina Watson, Cherisse Jones-Branch, Andy Thrasher, and Randy Martin as parties and to update the case caption

to *Emerson v. Tate et al.*

## I.  INTRODUCTION

Just Emerson was employed by Arkansas State University ("ASU") as a ceramics studio technician until July 20, 2024. Compl. ¶ 1, Doc. No. 1. In April 2024, in accordance with what was known to be the policy enforced by ASU and followed by its employees, Emerson sent an email to James Riles, ASU's Fiscal Support Supervisor for Property Accounting, with images of three used pottery wheels that Emerson asked ASU to donate to him, referencing the information at the bottom half of a donation proposal letter as "unchanged" and stating, "If I need to do anything else to get this going, please let me know." *Id.* ¶ 22. Emerson was never informed, nor had any reason to believe, that ASU required a signature from the appropriate dean of the involved college for the donation of the three used pottery wheels, and thus he had no reason to believe that ASU required such clearance. *Id.* ¶ 23. In May 2024, Riles notified Emerson that the three used pottery wheels were cleared for donation to a private business Emerson was starting with his wife called Boo & Finni. *Id.* ¶ 26.

In the first half of July 2024, Zach Tate, an assistant professor of ceramics at ASU, and his wife, Leah Schroeder, began preparing for their own arts venture, Open Studio, which would be a competitor with Boo & Finni. *Id.* ¶¶ 10, 28. Later that month, Tate contacted ASU human resources and Katherine Baker, ASU's art department chair, about the pottery wheels donated to Emerson. *Id.* ¶¶ 15, 29. ASU human resources then requested an in-person meeting with Emerson; Lori Winn, ASU's associate vice chancellor for human

resources and administration; and Katrina Watson, ASU's employee services coordinator. *Id.* ¶¶ 12–13, 35. The donation of the three pottery wheels was discussed in that meeting, as well as the conflicts of interest arising from the donation, and, to Emerson's surprise, possible termination of his employment. *Id.* ¶ 35.

Following the meeting, Emerson notified Baker, Tate, and Winn that he was bringing the pottery wheels back to the school, and upon their return provided images of the wheels and their corresponding serial numbers. *Id.* ¶¶ 37–39. Later that day, Emerson provided Baker and Cherisse Jones-Branch, ASU's dean of liberal arts and communication, with an updated potential conflict of interest form. *Id.* ¶¶ 14, 43. The next morning, Emerson emailed a resignation letter to Baker, Jones-Branch, and Winn, stating that he loved his job but knew he could no longer work at ASU given the treatment he endured, including conflict of interest conditions brought up by Winn and Watson as well as Tate's "vindictive reaction" to the donation of the pottery wheels to Boo & Finni. *Id.* ¶ 51. Emerson moved his belongings out of ASU's ceramics studio without any issues and without anyone checking on him or conducting an inventory. *Id.* ¶¶ 52–55, 72.

In late July, Tate and Schroeder worked with Marcy Wallace, a former ASU student, to create a false list of missing items claimed to have been stolen from ASU by Emerson, and then filed a police report. *Id.* ¶ 76. Tate then advised ASU law enforcement to review camera footage of the period that Emerson moved out. *Id.* ¶ 77. A few days later, knowing that Emerson had returned the pottery wheels, Winn falsely reported to ASU law enforcement that the wheels and several other items from the falsified list provided by Tate,

3

Schroeder, and Wallace had been stolen. *Id.* ¶ 78. Tate also falsely reported that a full inventory of items were missing and, although these items were of little or no value, he and Wallace assigned a high value to them so that Emerson would be charged with felony theft. *Id.* ¶ 80.

The next day, ASU police officer Ryan Smith was dispatched to the human resources department where he received Winn's false statement that "Just Emerson was asked to return some pottery wheels. Instead of returning the wheels, he resigned." *Id.* ¶ 81. ASU police officer Andy Thrasher made an official report that included Winn's statement. *Id.* ¶ 82.

The next day, Winn asked Scott McDaniel whether the scrap wood and steel from the ceramics studio was donated to either ASU or Boo & Finni, and McDaniel informed Winn that the donation was to Boo & Finni. *Id.* ¶ 83. Winn, Tate, and Baker made no effort to confirm whether the property at issue was stolen before reporting it as stolen and they continued to push criminal action against Emerson even though they knew the scrap wood and steel were not stolen. *Id.* ¶ 84.

In mid-August, a probable cause affidavit was sworn out against Emerson, alleging that he stole three pottery wheels and other items worth $2,984.12 from ASU, and Emerson was arrested that day. *Id.* ¶¶ 85–86. Winn then gave Emerson's fiancée his personnel file without Emerson's knowledge or consent, or proof of identification from her. *Id.* ¶ 87. The next day, Thrasher filed a report stating that "on 7/19 subject #1 [Emerson] returns three pottery wheels." *Id.* ¶ 88. Thrasher also confirmed that Emerson owned some of the items reported as stolen. *Id.*

Reports of Emerson stealing from ASU were broadcast over the local television and radio stations and reported in newspapers and social media outlets. These reports included the false information provided by ASU as well as Emerson's name and likeness. *Id.* ¶ 90.

In mid-September, Emerson was charged with felony theft. *Id.* ¶ 92. In early October, McDaniel submitted a sworn affidavit that all donated materials were given to Emerson and none of the material was donated to ASU. *Id.* ¶ 93. In mid-November, the criminal charges against Emerson were dismissed. *Id.* ¶ 94. Emerson continues to suffer damage to his personal and professional reputation and his prospects for future employment have been irreparably impaired by the felony charge. *Id.* ¶ 95. To this day, social media posts related to Boo & Finni continue to feature images of Emerson's mugshot. *Id.*

Emerson is suing for (1) malicious prosecution, (2) defamation, (3) abuse of process, (4) invasion of privacy by public disclosure of private facts and violation of Ark. Code Ann. § 25-19-105, (5) false light invasion of privacy, (6) outrage, (7) denial of equal protection, and (8) constructive discharge against (1) Arkansas State University, (2) Zach Tate, (3) Marcy Wallace, (4) Lori Winn, (5) Katrina Watson, (6) Cherisse Jones-Branch, (7) Katherine Baker, (8) Leah Schroeder, (9) Andy Thrasher, and (10) Randy Martin. *Id.* ¶¶ 96–157. Defendants are moving to dismiss all claims. Doc. Nos. 7 & 14.

## II. LEGAL STANDARDS

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint

must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

    B.    Service of Process

Federal Rule of Civil Procedure 12(b)(4) permits a defendant to challenge the sufficiency of service of process. If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he has actual notice of the suit. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). Once a plausible challenge is made, the plaintiff has the burden to demonstrate sufficient process. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).

### III. DISCUSSION

    A.    Failure to State a Claim

Defendants' motion to dismiss is granted on sixty-five of Emerson's eighty claims and denied on fifteen.

*1. Malicious Prosecution*

Emerson brings malicious prosecution claims against all defendants under 42 U.S.C.

section 1983 for violating his Fourth Amendment rights. Compl. ¶ 2. To establish a section 1983 Fourth Amendment malicious prosecution claim, Emerson must show: "(1) the charge was instituted without probable cause; (2) the motive for instituting the suit was malicious – that is, for a purpose other than bringing the Plaintiff to justice; and (3) the prosecution ended with a favorable termination." *Sanford v. Robinson*, No. 5:24-CV-05057, 2025 WL 510924, at *5 (W.D. Ark. Feb. 14, 2025) (citing *Thompson v. Clark*, 596 U.S. 36, 44 (2022)). Taking Emerson's allegations as true, elements one and three are clearly met for all defendants. Thus, the analysis below is limited to maliciousness as well as other legal doctrines.

    a.    Arkansas State University

The motion to dismiss the claim against ASU is granted because ASU does not have respondeat superior liability for the actions of its employees under 42 U.S.C. section 1983, *see Frentzel v. Boyer*, 297 F. App'x 576, 577 (8th Cir. 2008) (per curiam), and Emerson has failed to allege that his prosecution resulted from a policy or custom of ASU or ASU's failure to properly train or supervise its employees, *see Corwin v. City of Indep., Mo.*, 829 F.3d 695, 699 (8th Cir. 2016).

    b.    Zach Tate

The motion to dismiss the claim against Tate is denied because Emerson alleges that Tate had a malicious intent to deprive him of his Fourth Amendment rights in order to hurt Emerson's Boo & Finni business to benefit his own business, Open Studio.

    c.    Marcy Wallace

The motion to dismiss the claim against Wallace is denied because Emerson alleges that Wallace had a malicious intent to deprive him of his Fourth Amendment rights when she helped Tate and Schroeder create a falsified list of missing items from the ASU ceramics studio. *See Stokes v. S. States Co-op, Inc.*, 651 F.3d 911, 916 (8th Cir. 2011) (a jury may infer malice when probable cause is lacking).

    d.    Lori Winn

The motion to dismiss the claim against Winn is denied because Emerson alleges that Winn had a malicious intent to deprive him of his Fourth Amendment rights when she made false reports about Emerson stealing items to ASU police.

    e.    Katrina Watson

The motion to dismiss the claim against Watson is granted because Emerson has failed to allege that Watson was involved in bringing the criminal complaint against him. Instead, he only alleges that she was involved in his purported constructive discharge. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation.").

    f.    Cherisse Jones-Branch

The motion to dismiss the claim against Jones-Branch is granted because Emerson has failed to allege that Jones-Branch was involved in bringing the criminal complaint against him. Instead, he only alleges that she was provided an updated conflict of interest form and Emerson's resignation letter.

g.    Katherine Baker

The motion to dismiss the claim against Baker is denied because Emerson alleges that Baker had a malicious intent to deprive him of his Fourth Amendment rights when she failed to take any steps to confirm that the donated property was stolen before reporting it as stolen to law enforcement and that she continued to push criminal action against Emerson even though she knew the scrap wood and steel were not stolen.

h.    Leah Schroeder

The motion to dismiss the claim against Schroeder is denied because Emerson alleges that Schroeder may have had a malicious intent to deprive him of his Fourth Amendment rights in order to hurt Emerson's business to benefit her own business.  Although it is true that Schroeder is a private citizen and not a state actor, Schroeder may still be subject to section 1983 liability because Emerson establishes that Schroeder willfully participated with state officials, including her husband, in reaching a mutual understanding concerning the alleged unlawful malicious prosecution conspiracy against Emerson.  *See Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005).

i.    Andy Thrasher

The motion to dismiss the claim against Thrasher is granted because he is immune from suit.  This is true because Thrasher's failure to intervene after he confirmed that Emerson owned some of the items reported as stolen does not establish liability.  *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) ("outside of the excessive force context, there is no clearly established law regarding a [law enforcement officer's] duty to intervene to

prevent constitutional violations").

j.  Randy Martin

The motion to dismiss the claim against Martin is granted because he is only being sued due to his position as ASU's police chief. *See Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982) (a section 1983 "action will not lie against police supervisory officers . . . absent a showing of direct responsibility for the improper action").

## 2. Defamation

Emerson brings state law defamation claims against all defendants. To establish a defamation claim, Emerson must show: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages." *Webster v. Webster*, 689 S.W.3d 133, 136 (Ark. Ct. App. 2024).

a.  Arkansas State University

The motion to dismiss the claim against ASU is granted because ASU is immune from suit. *See Liang v. Rahn*, No. 4:17-CV-00135, 2017 WL 3205543, at *3 (E.D. Ark. July 27, 2017) (immunity bars state law defamation claim against state university).

b.  Zach Tate

The motion to dismiss the claim against Tate is denied because Emerson alleges that Tate defamed him by falsely reporting to the ASU police department that a full inventory of items had been observed in the ceramics department and that Emerson stole other items missing from the ceramics department.

  c.  Marcy Wallace

The motion to dismiss the claim against Wallace is denied because Emerson alleges that Wallace defamed him when she helped Tate and Schroeder create the falsified list of missing items from the ASU ceramics studio, which was provided to ASU police.

  d.  Lori Winn

The motion to dismiss the claim against Winn is denied because Emerson alleges that Winn defamed him when she made false reports to the ASU police about Emerson stealing items.

  e.  Katrina Watson

The motion to dismiss the claim against Watson is granted because Emerson fails to allege defamation by simply alleging that Watson discussed conflict of interest forms and Emerson's possible termination at a meeting. *See McClure v. Am. Fam. Mut. Ins. Co.*, 223 F.3d 845, 853 (8th Cir. 2000) ("remarks on a subject lending itself to multiple interpretations cannot be the basis of a successful defamation action") (applying Minnesota law).

  f.  Cherisse Jones-Branch

The motion to dismiss the claim against Jones-Branch is granted because Emerson does not allege that Jones-Branch did anything to defame him.

  g.  Katherine Baker

The motion to dismiss the claim against Baker is denied because Emerson alleges that Baker defamed him when she failed to take any steps to confirm that the donated property was stolen before reporting it as stolen, and that she continued to push criminal action against

Emerson even though she knew the scrap wood and steel were not stolen.

    h.      Leah Schroeder

The motion to dismiss the claim against Schroeder is denied because Emerson alleges that Schroeder defamed him when she helped Tate and Wallace create a falsified list of missing items from the ASU ceramics studio and that the list was provided to ASU police.

    i.      Andy Thrasher

The motion to dismiss the claim against Thrasher is granted because Emerson fails to allege that Thrasher had actual malice when he published details of the alleged theft in the police report that was based on the statements of others. While potentially negligent, this was not malicious. *See Fuqua v. Flowers*, 20 S.W.3d 388, 390 (Ark. 2000) (state "officers and employees acting without malice within the course and scope of their employment are immune from an award of damages in litigation").

    j.      Randy Martin

The motion to dismiss the claim against Martin is granted because Emerson fails to allege that Martin did anything to defame him.

### *3. Abuse of Process*

Emerson brings abuse of process claims against all defendants under 42 U.S.C. section 1983 for violating his Fourth Amendment rights. Compl. ¶ 2. Dismissal is granted on all of Emerson's abuse of process claims because the "Eighth Circuit Court of Appeals has rejected freestanding 'abuse of process' claims brought under § 1983." *Richter v. Smith*, No. C16-4098-LTS, 2018 WL 6728515, at *8 (N.D. Iowa Dec. 21, 2018). Also, Emerson's abuse of

process claims are unnecessarily duplicative of his malicious prosecution claims. *See Gonzalez v. Trevino*, 602 U.S. 653, 679 (2024) (Thomas, J., dissenting) ("Because [plaintiff's] claim focuses on the motives behind [his] arrest and not the process itself, the abuse-of-process tort is a poor fit.").

### 4. Invasion of Privacy by Public Disclosure of Private Facts and Violation of Ark. Code Ann. § 25-19-105

Emerson brings claims for invasion of privacy by public disclosure of private facts wherein he cites a state statute but asserts the claims are being brought under 42 U.S.C. section 1985. Compl. ¶ 3. These claims are dismissed because Emerson's factual allegations do not support the claims. This is true because section 1985 only provides a cause of action for five particular types of conspiracies to violate civil rights. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429 (8th Cir. 1986) (describing the types of conspiracies). Three of those categories require involvement by a federal institution or process, and Emerson does not allege any involvement by federal actors, so he has not stated a claim under those categories. *Id.* The other two categories require an allegation that the plaintiff was a victim of class-based animus, which Emerson has not alleged. *Id.* Thus, the claims must be dismissed.

### 5. False Light Invasion of Privacy

Emerson brings state law false light invasion of privacy claims against all defendants. To establish a false light invasion of privacy claim, Emerson must show two things. *Webster*, 689 S.W.3d at 136. First, he must show that a reasonable person would find the

negative publicity he received, as a result of the false light, highly offensive. *Id.* Second, he must show that defendants knew the statements made were false or that they made the statements in reckless disregard of their falsity. *Id.* "A cause of action for both false-light invasion of privacy and for defamation can be joined in the same action; however, there can be but one recovery for any particular publication." *Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 656 n.4 (Ark. 2002).

    a.    Arkansas State University

The motion to dismiss the claim against ASU is granted because it is immune from suit. *See Liang*, 2017 WL 3205543, at *3; *see also Mills v. Iowa Bd. of Regents*, 770 F. Supp. 2d 986, 998–99 (S.D. Iowa 2011) (statutory immunity for defamation naturally extends to false light invasion of privacy claim) (applying Iowa law).

    b.    Zach Tate

The motion to dismiss the claim against Tate is denied because Emerson alleges that Tate placed him in a false light by falsely reporting to the ASU police department that a full inventory of items had been observed in the ceramics department and that Emerson had stolen other items that were missing.

    c.    Marcy Wallace

The motion to dismiss the claim against Wallace is denied because Emerson alleges that Wallace placed him in a false light when she helped Tate and Schroeder create a falsified list of missing items from the ASU ceramics studio and then provided the list to ASU police.

  d. Lori Winn

The motion to dismiss the claim against Winn is denied because Emerson alleges that Winn placed him in a false light when she falsely reported to the ASU police that Emerson stole items.

  e. Katrina Watson

The motion to dismiss the claim against Watson is granted because Emerson fails to allege that Watson placed him in a false light by simply discussing in a meeting the conflict of interest forms and Emerson's possible termination. *See Dodrill v. Arkansas Democrat Co.*, 590 S.W.2d 840, 846 (Ark. 1979) (there must be "knowledge of falsity" or "reckless disregard of the truth" in statements made).

  f. Cherisse Jones-Branch

The motion to dismiss the claim against Jones-Branch is granted because Emerson fails to allege that Jones-Branch did anything to place him in a false light.

  g. Katherine Baker

The motion to dismiss the claim against Baker is denied because Emerson alleges that Baker placed him in a false light when she failed to take any steps to confirm that the donated property was stolen before reporting it as stolen to law enforcement and then continued to push for criminal action against Emerson even though she knew the scrap wood and steel were not stolen.

  h. Leah Schroeder

The motion to dismiss the claim against Schroeder is denied because Emerson alleges

15

that Schroeder may have placed him in a false light by helping Tate and Wallace create a falsified list of missing items from the ASU ceramics studio and then providing that list to ASU police.

    i.    Andy Thrasher

The motion to dismiss the claim against Thrasher is granted because Emerson has not alleged that Thrasher had actual malice when he published details of the alleged theft in the police report that was based on the statements of others. While potentially negligent, this was not malicious. *See id.* at 845 (actual malice must be demonstrated by one seeking to recover for false light invasion of privacy; this requires a showing of more than mere negligence).

    j.    Randy Martin

The motion to dismiss the claim against Martin is granted because Emerson does not allege that Martin did anything to place him in a false light.

### 6. Outrage

Emerson brings outrage claims against all defendants under 42 U.S.C. section 1985. Compl. ¶ 3. These claims are dismissed because Emerson does not allege any involvement by federal actors and he does not allege that he was a victim of class-based animus. *See Harrison*, 780 F.2d at 1429.

### 7. Denial of Equal Protection

Emerson brings denial of equal protection claims against all defendants under 42 U.S.C. section 1983 for violations of his Fourteenth Amendment rights. Compl. ¶ 2. These

claims are dismissed because Emerson's factual allegations do not support the claims. *See Nolan v. Thompson*, 521 F.3d 983, 989–90 (8th Cir. 2008) (plaintiff asserting equal protection claim under class-of-one standard must provide a specific and detailed account of the nature of the preferred treatment of the favored class).

### 8. Constructive Discharge

Emerson brings state law constructive discharge claims against all defendants. "A constructive discharge exists when an employer intentionally renders an employee's working conditions intolerable and thus forces him to resign." *Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380, 386 (Ark. 1988). Emerson's constructive discharge claim against ASU is dismissed because it is immune from suit. *See Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Bd. of Trs. of Univ. of Ark. v. Andrews*, 535 S.W.3d 616, 623 (Ark. 2018) (state law tort "suits subjecting the State to financial liability are barred by sovereign immunity"); *see also Cory v. White*, 457 U.S. 85, 90–91 (1982) (Eleventh Amendment immunity applies not only to actions seeking damages, but also suits seeking injunctions). Emerson's constructive discharge claim is also dismissed against all the individual defendants because a constructive discharge claim cannot be brought against individuals—it can only be brought against an employer. *See Sterling Drug, Inc.*, 743 S.W.2d at 386 ("constructive discharge exists *when an employer* intentionally renders . . .") (emphasis added); *see also Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 70 (1986) ("where a supervisor exercises the authority actually delegated to him by his employer, by

making or threatening to make decisions affecting the employment status of his subordinates, such actions are properly imputed to the employer whose delegation of authority empowered the supervisor to undertake them").

B.  Service of Process

The motions to dismiss for insufficiency of service of process filed by ASU and Schroeder are denied.

*1. Arkansas State University*

Emerson filed his complaint on March 17, 2025.  Doc. No. 1.  On April 2, Emerson improperly served his complaint on ASU's general counsel, who is not designated to receive service of process on behalf of ASU.  *See* First Aff. Serv. ASU 1, Doc. No. 3; Br. Supp. Mot. Dismiss 22–23, Doc. No. 8.  On April 25, Emerson served his complaint on the Arkansas Attorney General, who is designated to receive service of process on behalf of ASU.  *See* Second Aff. Serv. ASU 1, Doc. No. 9; Pl.'s Br. Opp'n Defs.' Mot. Dismiss 21–22, Doc. No. 13.  ASU's motion to dismiss Emerson's claims based on insufficient service of process is denied because service on ASU was timely perfected after Emerson's initial mishap.  *See Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 899–900 (8th Cir. 2015) (complaint is subject to mandatory dismissal when plaintiff fails to perfect service within 120 days of filing the complaint); *Broadway v. adidas Am., Inc.*, No. 3:07-CV-00149-SWW, 2008 WL 2705566, at *3 (E.D. Ark. July 10, 2008) ("Irrespective of the March 2008 attempt at service of process, this Court has jurisdiction over defendants if the April 25, 2008 attempt at service of process is deemed proper.").

*2. Leah Schroeder*

Service on Schroeder was sufficient because the complaint and summons were handed to her on April 10. *See* Aff. Serv. Schroeder 1, Doc. No. 4; *see also* Fed. R. Civ. P. 4(e)(2)(A).

C.     Jurisdiction

Defendants' jurisdictional challenges to Emerson's complaint are denied because federal question jurisdiction is properly exercised over Emerson's federal claims and supplemental jurisdiction is properly exercised over the remaining state claims. *See* 28 U.S.C. § 1367(a).

D.     Emerson's Request to Amend His Complaint

Emerson's request for leave to amend his complaint to the extent that any of his allegations are not sufficient, *see* Pl.'s Br. Opp'n Defs.' Mot. Dismiss 22; Pl.'s Br. Opp'n Def. Leah Schroeder's Mot. Dismiss 15–16, Doc. No. 15, is denied but Emerson may move for leave to amend the complaint in a separate motion.

IV. CONCLUSION

For these reasons, defendants' motions to dismiss are granted in part and denied in part. The clerk is directed to terminate ASU, Watson, Jones-Branch, Thrasher, and Martin as parties and to update the case caption to *Emerson v. Tate et al.*

IT IS SO ORDERED this 18th day of June, 2025.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE